UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN BAXLEY,

    Plaintiff,

v.

                              Case No.:

ELECTRONIC METROLOGY
LABORATORY, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JONATHAN BAXLEY, by and through undersigned counsel, brings this action against Defendant, ELECTRONIC METROLOGY LABORATORY, LLC and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. Venue is proper in Santa Rosa County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Santa Rosa County, Florida, and he worked in Santa Rosa County.

4. Defendant provides electronic and mechanical calibration services in Santa Rosa County.

## GENERAL ALLEGATIONS

5. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

6. Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

7. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff began working for Defendant on or around March 1, 2012.

13. On or around March 16, 2018, Plaintiff suffered from a serious health condition within the meaning of the FMLA.

14. Specifically, Plaintiff performed his yearly physical and learned that his EKG test came back abnormal. Plaintiff later learned he suffered from a right bundle branch block.

15. Following his abnormal EKG test, a follow-up appointment was scheduled to complete further testing.

16. Due to the abnormal EKG, Plaintiff was not allowed to wear a respirator until further testing was completed.

17. Plaintiff subsequently advised Defendant of his restriction.

18. On or around March 27, 2018, Plaintiff suffered from an ear infection caused by sinusitis. Plaintiff was previously approved for FMLA for this condition on or around February 2018.

19. On or around March 27, 2018, Defendant sent Plaintiff home on FMLA due to his ear infection and informed Plaintiff that he could not return due to Plaintiff's abnormal EKG until Plaintiff received a doctor's note clearing him to return to work without restrictions.

20. Defendant then provided Plaintiff with FMLA paperwork and told Plaintiff that the paperwork had to be returned by April 11, 2019.

21. However, on or about April 5, 2019, before the expiration of Plaintiff's deadline to submit the completed paperwork, Plaintiff's employment was terminated.

22. On or about April 10, 2019, Plaintiff submitted his paperwork to Defendant indicating that he was cleared to return back to work without restrictions.

23. Plaintiff exercised his rights under the FMLA by filing for and utilizing FMLA leave.

24. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

25. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as fully set forth herein.

26. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

27. By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(1).

28. Defendant's actions were willful and done with malice.

29. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

30. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 24 of this Complaint, as fully set forth herein.

31. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

32. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating his employment.

34. Defendant's actions were willful and done with malice.

35. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

    (b) An injunction restraining continued violation of the FMLA by Defendant;

    (c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 4th day of November, 2019.

Respectfully submitted,

/s/ Christopher J. Saba

**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
Direct Dial: 813-321-4086
**MATTHEW K. FENTON**
Florida Bar Number: 0002089
Direct Dial: 813-223-6413
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: mfenton@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**